UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK RYAN BABBITT,

        Plaintiff,                        Case Number 23-10598
                                                  Honorable David M. Lawson

v.

SERGEANT ANDERSON and
MAINTENANCE MAN JOHN DOE,

        Defendants.
_____/

**<u>OPINION AND ORDER DISMISSING COMPLAINT</u>**

      Plaintiff Patrick Babbitt, a prisoner in the custody of the Michigan Department of Corrections, filed this lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights were violated by correctional officers when they injured him while removing defective handcuffs from his wrists. Babbitt is not represented by an attorney. He alleges that the incident occurred on June 26, 2019, but his undated complaint was not filed until February 23, 2023, which was beyond the applicable period of limitations. After conducting the screening required by the Prison Litigation Reform Act (PLRA), it appears that the complaint must be dismissed as untimely.

I.

      The complaint describes events that occurred while Babbitt was confined at the MDOC's Saginaw Correctional Facility in Freeland, Michigan from June 25, 2019 to July 2, 2019. Babbitt alleges that on June 26, 2019, he was placed in handcuffs while being transported from his cell to an outdoor recreation area. He says that the handcuffs were rusted and unable to be opened with a key. A corrections officer named Sergeant Anderson unsuccessfully attempted to cut off the handcuffs with bolt cutters. Not meeting with success, an unknown maintenance man identified

as John Doe (aka Bob) then used an electric grinder to remove the handcuffs. Babbitt alleges that he suffered a burn that was treated by the health care unit with burn cream and an Ace bandage, but he still has a ½-inch scar on his wrist. Babbitt names Sergeant Anderson and Maintenance Man John Doe (aka Bob) as the defendants, and he seeks monetary damages for "staff negligence" and his pain and suffering.

II.

The Prison Litigation Reform Act (PLRA) requires the Court to examine a prisoner's complaint when it is filed and to dismiss it before service on a defendant if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does not require detailed factual allegations, but it does require more than the bare assertion of legal

conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

Babbitt invokes 42 U.S.C. § 1983 as the basis of his lawsuit. To state a claim under that statute, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

If the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim). The Court may raise the statute of limitations issue on its own when screening a civil rights

complaint. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, *2 (6th Cir. March 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)); *Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (holding that a court may raise the statute of limitations issue *sua sponte* when the defense is apparent on the face of the pleadings).

The plaintiff's claim is brought via 42 U.S.C. § 1983. Section 1983 does not provide a statute of limitations. Instead, the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury in the forum state. *McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988) (citing *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985)). Michigan's three-year statute of limitations for personal injury claims, Michigan Compiled Laws § 600.5805(8), "governs section 1983 actions when the cause of action arises in Michigan," *McCune*, 842 F.2d at 905-06.

The statute of limitations begins to run when the cause of action accrues, which, in a section 1983 action, "is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (quotation marks and citations omitted)).

As noted above, Babbitt alleges in his complaint that the handcuff incident occurred on

June 26, 2019. Even though Babbitt's injuries persisted after the incident itself, he had reason to know of the violation of his rights on that date and therefore had "a complete and present cause of action" as of that date. Therefore, Babbitt must have commenced his action on or before June 26, 2022 to comply with the statute of limitations for section 1983 actions. Babbitt's complaint is undated, but it was received for filing on February 23, 2023. The transmittal envelope was postmarked February 21, 2023, which we will consider the operative filing date under the Prison Mailbox Rule. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). It is apparent, then, that Babbitt's lawsuit was some six months late.

Michigan amended its laws in 1993 to eliminate imprisonment as a disability that would toll the statute of limitations. *See* Mich. Comp. Laws § 600.5851(9). Nor does Michigan law encourage equitable tolling of a period of limitations; rather tolling must be based on a statute. The Michigan Supreme Court has allowed that "[e]quitable tolling . . . has a legal basis arising out of our common law, and it may be invoked when traditional equitable reasons compel such a result." *McDonald v. Farm Bureau Ins. Co.*, 480 Mich. 191, 204, 747 N.W.2d 811, 819 (2008). But that court also has asserted that equity does not "trump an unambiguous and constitutionally valid statutory enactment." *Devillers v. Auto Club Ins. Ass'n*, 473 Mich. 562, 591, 702 N.W.2d 539, 556 (2005). It reasoned that "if courts are free to cast aside a plain statute in the name of equity, even in . . . tragic case[s] . . ., then immeasurable damage [would] be caused to the separation of powers mandated by our Constitution." *Trentadue v. Buckler Lawn Sprinkler Co*, 479 Mich. 378, 406-407, 738 N.W.2d 664, 680 (2007) (citing *Devillers*, 473 Mich. at 591, 702 N.W.2d at 556-57).

The statute of limitations applicable to prisoner civil rights complaints under 42 U.S.C. §

1983 is tolled while a prisoner exhausts the administrative grievance process because the PLRA requires a prisoner to exhaust "administrative remedies" before filing suit under § 1983. *Surles v. Andison, et al.*, 678 F.3d 452, 458 (6th Cir. 2012); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). However, there is no indication that the plaintiff even pursued available administrative remedies before filing this action. And the MDOC's grievance policy provides a timeline for the filing of grievances, appeals, and responses that would span a maximum of five months. (A Step 1 grievance must be filed within 5 business days of the failure of an informal attempt as resolution; a response must be filed within 15 days with a possible 15-day extension; then a Step II appeal must be filed within 10 days, and a response must be filed within 15 days with a possible 15-day extension; then a Step III appeal must be filed within 10 days, with a response generally filed within 60 days. *See* MDOC Policy Directive 03.02.130.) Allowing for the maximum exhaustion time periods, the process would have concluded by the end of November 2019. The plaintiff's February 21, 2023 filing still would be late.

III.

The plaintiff's untimely complaint fails to state a claim upon which relief may be granted. The PLRA, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), therefore requires the Court to dismiss the case summarily.

Accordingly, it is **ORDERED** that complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: July 10, 2023